# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY WHITE,<br><br>                Plaintiff,<br>  vs.<br>DIANE E. JOHNSON, TRUSTEE OF THE DIANE E. JOHNSON TRUST DATED JULY 25, 2013,<br><br>                Defendant. | CASE NO. 16cv2524-LAB (JMA)<br><br>**ORDER SETTING JURISDICTIONAL HEARING** |

    Plaintiff Dorothy White filed her complaint in this case bringing claims under the Americans with Disabilities Act and supplemental state claims.

    Her claims are premised solely on conditions in the parking lot at a shopping center in the city of Spring Valley. Specifically, the complaint alleges "White uses a mobility equipped van and manual wheelchair when traveling in public." (Complaint, ¶ 8.) It says that when she visited the shopping center, she encountered barriers that prevented her from safely parking there. The complaint alleges that both disabled parking spaces and the associated access aisles have slopes and/or cross slopes that are too steep. "Without a level parking space, it is difficult for White to unload/transfer from a vehicle as her wheelchair rolls and/or a lift's platform cannot sit level . . . ." (Compl., ¶ 10.) The complaint alleges that these barriers are denying her full and equal enjoyment of the shopping center's facilities.

Although the complaint mentions the existence of other barriers, these are the only ones that are pled with any specificity and the only ones that form the basis for any claim.

Defendant filed an *ex parte* motion seeking dismissal based on fraud on the Court. Among other things, Defendant noted that in a separate case filed in this District, *White v. Papoutsis*, 16cv2694-JLS (DHB), counsel for the same law firm represented to the Court that Dorothy White "does not herself drive, and instead relies on friends or public transportation for her transportation needs . . . ." (Docket no. 15 at 3:18–20, in case 16cv2694). This representation was made in 2011 in a brief opposing sanctions for White's failure to appear at a court-scheduled conference.

Under the ADA, injunctive relief is the only relief available to private plaintiffs. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc). If a plaintiff lacks standing to pursue injunctive relief, the Court has no jurisdiction to entertain ADA claims. *Id*. And in this case, that would mean the Court has no jurisdiction over any of White's claims. The Court is obliged to confirm its own jurisdiction, *sua sponte* if necessary, any time a doubt arises. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

The Court therefore ordered White's counsel to file a declaration stating whether White drives, whether she owns a mobility equipped van, and how he knows these things to be true. Her attorney Scottlynn Hubbard filed a declaration (Docket no. 16-1) stating that White does not drive and does not have a driver's license. Instead, he says, she relies on her husband to drive her in his car. When he is unavailable, she relies on friends or "third-parties (*e.g.*, buses)" to drive her. Hubbard says one of White's friends has a mobility equipped van, and it was that friend who drove her on the day she visited the shopping center. But other friends drive her in other vehicles, such as SUVs. "There is no set pattern to what vehicle she uses or when." (*Id.*, ¶ 3.)

The declaration raises more questions than it answers. First, it contradicts the complaint, which leads a reasonable reader to believe that White always or routinely uses a mobility equipped van to travel in public. The complaint also implies that White must exit

vehicles without assistance; thus, her wheelchair is in danger of rolling away as she is attempting to unload. But the declaration makes clear that White never travels alone, and only sometimes travels in a mobility equipped van. Instead, she either takes public transportation, or someone else drives her. When someone else drives her, it is sometimes in a car, SUV, or other vehicle.

On days when White takes the bus, the condition of the handicapped parking spaces would seem to be a moot point, because public buses let passengers off at bus stops; they do not park in shopping center parking lots. On days when someone else drives her, she would be attended by at least one other person, which appears to alleviate any danger of her wheelchair rolling away. The problem of a mobility equipped van's lift not sitting flat would only be a problem if White were being driven by her one friend who owns such a van. On all other days, this would not be a problem.

Under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992), a plaintiff must show that three elements are met in order to establish standing to sue. She must have suffered an injury in fact that is actual or imminent, not conjectural or hypothetical. *Id*. That injury must be fairly traceable to the defendant's conduct. *Id*. And third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id*.

Of particular concern here are the first and third elements. In *Lujan*, the Supreme Court held that the potential for the plaintiffs to suffer an injury at some indefinite future time was not enough to show that injury was imminent, in order to establish standing to seek injunctive relief. 504 U.S. at 565 n.2. Similarly, it is uncertain whether a favorable decision will benefit White in the future. With so many available arrangements open to her, the likelihood that she will visit the shopping center in a mobility-equipped van is unclear.

The requirements for issuance of an injunction include a similar showing of imminent harm. A plaintiff seeking injunctive relief must establish a sufficient causal connection between the imminent irreparable harm and the conduct she seeks to enjoin such that the injunction would effectively curb the risk of injury. *Fox Broad. Co., Inc. v. Dish Network LLC*, 747 F.3d 1060, 1072–73 (9th Cir. 2013).

Because briefing has not made the jurisdictional problem any clearer, the Court will hold a hearing on the issue. Counsel for both parties shall appear in person before the Court on **Friday, May 26, 2017 at 11:00 a.m.** No additional briefing should be filed without leave. Plaintiff's counsel should be prepared to give a short and clear explanation of why White has standing to seek injunctive relief, and why there is a sufficiently definite and imminent risk of harm if an injunction does not issue. While Defendant's counsel will be given an opportunity to be heard, the parties should bear in mind that it is Plaintiff's obligation to establish standing as appropriate at each stage of the case. *See Lujan*, 504 U.S. at 561.

**IT IS SO ORDERED**.

DATED: May 10, 2017

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge